ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
MONICA E. TAIT
Assistant United States Attorney
California Bar Number 157311
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2931
    Facsimile: (213) 894-7177
    E-mail: Monica.Tait@usdoj.gov
Attorneys for Plaintiff
United States of America

**MADE JS-6**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 08-5906 GW (RZx) |
| Plaintiff, | CONSENT JUDGMENT |
| v. | |
| $49,300.00 U.S. CURRENCY, ET AL., | |
| Defendant. | |
| SHABNAM DASTMALCHIAN, | |
| Claimant. | |

    The court having reviewed the stipulation for entry of this order submitted by plaintiff United States of America and claimant Shabnam Dastmalchian, IT IS HEREBY ORDERED as follows:

    1.  The government commenced this action on September 26, 2008 by filing its complaint alleging that the defendant $49,300.00 in U. S. Currency ("defendant currency") and the defendant 2001 Mercedes-Benz S500V, Vehicle Identification Number

1  WDBNG75JX1A159226 ("defendant vehicle"), are subject to
2  forfeiture to the United States pursuant to 21 U.S.C.
3  § 881(a)(6).
4       2.   The United States notified potential claimants of the
5  action, and published notice of this action as required by
6  Supplemental Rule G(4)(a), Federal Rules of Civil Procedure,
7  beginning on September 26, 2008.  In addition to claimant
8  Dastmalchian, Masoud Bamdad filed a claim to contest the
9  forfeiture of the defendants, but fully withdrew his claim in a
10 writing docketed as document number 39 in this case.  The time
11 for filing a claim to contest the forfeiture of any of the
12 defendants has expired.
13      3.   It is the intention of plaintiff United States of
14 America and claimant Shabnam Dastmalchian to resolve all of their
15 competing claims in this action by their Stipulation and this
16 Consent Judgment.
17      4.   This Court has jurisdiction over the subject matter of
18 the present action and over the parties to the stipulation.
19      5.   The Complaint states a claim for relief against the
20 defendant currency and vehicle.
21      6.   In settlement of this action, the defendants shall be
22 disposed of in the following manner:
23      a.   The United States shall have judgment in $24,650.00 of
24           the defendant currency.  All right, title, and interest
25           of Dastmalchian and all other potential claimants in
26           this portion of the defendant currency, and all
27           interest accrued on this portion of the defendant
28           currency, is forfeited to the United States.  The

               United States Marshals Service ("USMS") shall dispose of this amount in accordance with law.

    b.    The United States shall return to Dastmalchian the remaining $24,650.00 of the defendant currency within 30 calendar days of the date the court signs this consent judgment, plus all interest actually accrued on this returned portion of the defendant currency. *Provided*, prior to payment, the USMS shall deduct from the funds returned to Dastmalchian the actual costs and expenses incurred by USMS in connection with seizing, storing, and maintaining the defendant vehicle, in an amount not to exceed $3,000.00.

    c.    The USMS shall return the defendant vehicle to Dastmalchian within 30 calendar days of the date the court signs this consent judgment by delivering custody of the vehicle to Dastmalchian at a place in Los Angeles County to be designated by the USMS.

7.    Except as to such rights and obligations created by this Stipulation, Dastmalchian has released and agreed to hold harmless the United States (and any state or local law enforcement agency), and any agents, servants, and employees of the United States, including the Drug Enforcement Administration, acting in their individual or official capacities, from all claims, actions or proceedings which are related to or arise out of this action, including, but not limited to, any claim for attorney's fees, costs, and/or interest, that may hereafter be asserted or brought by her, or on her behalf.

8.    All of the undersigned shall execute all documentation

necessary to carry out this agreement.  Each party waives its right to appeal this Consent Judgment.  This order constitutes a certificate of reasonable cause as to the defendant currency and defendant vehicle pursuant to 28 U.S.C. § 2465(a)(2).

    9.   Each party shall bear its own costs of litigation and attorney's fees.

    10.  The court retains jurisdiction over this case and the parties hereto to effectuate the terms of the parties' agreement. This Consent Judgment constitutes a final judgment resolving this matter.

    IT IS SO ORDERED.

Dated: May 7, 2010

_____
The Hon. George H. Wu
United States District Judge